**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GREGORY DENNIS MOORE,

      Plaintiff,

vs.                                     Case No.  3:26-cv-1577-MMH-LLL

EQUIFAX INFORMATION
SERVICES, LLC, EXPERIAN
INFORMATION SOLUTIONS,
INC., and SERVICEMAC, LLC,

      Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. On June 16, 2026, Plaintiff initiated this action by filing his Complaint (Doc. 1). Upon review, the Court finds that the Complaint is an impermissible "shotgun pleading." In <u>Weiland v. Palm Beach Cnty. Sheriff's Office</u>, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit identified four types of "shotgun" pleadings. <u>See</u> <u>id.</u> at 1321–23. Relevant here, one such type of improper pleading occurs where the complaint contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." <u>See</u> <u>id.</u> at 1321 & n.11 (collecting cases).  As a result, "most of the counts . . . contain irrelevant

factual allegations and legal conclusions." <u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp.</u>, 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. <u>See</u> <u>id.</u> Here, Counts Two through Seven incorporate by reference the allegations of the preceding count(s). <u>See</u> Complaint at 17–27. This manner of pleading falls squarely into the first category of impermissible shotgun pleadings. <u>See</u> <u>Barmapov v. Amuial</u>, 986 F.3d 1321, 1325 (11th Cir. 2021) (describing the four general categories of shotgun pleadings) (citing <u>Weiland</u>, 792 F.3d at 1321–23); <u>see also</u> <u>Sarhan v. Miami Dade Coll.</u>, 800 F. App'x 769, 771–72 (11th Cir. 2020) (same).

Also relevant here is a type of shotgun pleading that occurs where the drafter "commits the sin of not separating into a different count each cause of action or claim for relief." <u>Weiland</u>, 792 F.3d at 1322–23 n.13 (collecting cases). Indeed, Rule 10(b), Federal Rules of Civil Procedure (Rule(s)) requires that: "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." <u>See</u> Rule 10(b); <u>see</u> <u>also</u> <u>Anderson v. Dist. Bd. of Trs. of Central Fla. Cmty. Coll.</u>, 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the

plaintiff is claiming and to frame a responsive pleading" (footnote omitted)). In the Complaint, Plaintiff appears to commingle claims for willful violations of the Fair Credit Reporting Act with alternative claims for negligent violations of the Fair Credit Reporting Act. See Complaint ¶¶ 58, 62, 64, 68, 74, 79, 81, 85, 91, 92, 99. Each of these alternative claims for relief should be pled in a separate count.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own

initiative); <u>see also</u> <u>Weiland</u>, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

In light of the foregoing, the Court will give Plaintiff an opportunity to file a corrected complaint which corrects the shotgun nature of the Complaint. Accordingly, it is hereby

**ORDERED**:

1.  Plaintiff's Complaint (Doc. 1) is **STRICKEN**.

2.  Plaintiff shall file a corrected complaint[1] consistent with the directives of this Order on or before **July 24, 2026**.  Failure to do so may result in a dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida this 1st day of July, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

---

[1] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).

- 4 -

Lc35

Copies to:

Counsel of Record

- 5 -